IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 05-cv-02609-OES

IN RE:[LAVONE B. BARRON],

JAN 1 0 2006

GREGORY C. LANGHAM
CLERK

Applicant,

v.

JOE ORTIZ, Executive Director, C.D.O.C.,

Respondent.

_____

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

_____

Applicant Lavone B. Barron is a prisoner in the custody of the Colorado

Department of Corrections at the Sterling, Colorado, Correctional Facility.  Mr. Barron

has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254.  The Court must construe the Application liberally, because Mr. Barron is a *pro*

*se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, Mr. Barron will be ordered to file an Amended

Application.  In the Amended Application, he is instructed to respond to each question

and to provide sufficient information regarding the date of his conviction and

sentencing.  He also is directed to state how he has exhausted his state-court remedies

with respect to each claim that he raises.

Mr. Barron was convicted in the Denver County District Court, and he is serving a forty-eight year sentence in prison. Although he asserts three claims for relief in the Application, he fails to assert when he was convicted and how he has exhausted his state-court remedies regarding the alleged claims. Applicant appears to believe that because he claims the state court lacked jurisdiction to convict and sentence him he is not required to respond to any of the questions asked in the Court-approved form. A state court does not lack jurisdiction in a criminal prosecution simply because a defendant believes his speedy trial rights were violated. Applicant is required to exhaust his state-court remedies regarding claims of speedy trial rights violations.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If Mr. Barron is barred procedurally from raising his claim in the state courts, he may seek review in this Court only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Furthermore, pursuant to 28 U.S.C. § 2244(d), a one-year limitation period applies to the instant action. Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing  by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).   Accordingly, it is

ORDERED that Mr. Barron file **within thirty days from the date of this Order**

an Amended Application that complies with the Order.  It is

FURTHER ORDERED that the Amended Application shall be titled, "Amended

Application," and shall be filed with the Clerk of the Court for the United States District

Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth

Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Barron, together

with a copy of this Order, two copies of the following form:  Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that, if Mr. Barron fails within thirty days from the date of

this Order to file an Amended Application as directed, the Application will be denied and

the action will be dismissed without further notice.

DATED at Denver, Colorado, this _10_ day of _____January_____, 2006.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-02609-OES

Lavone B. Barron
Prisoner No. 64792
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 1/10/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk